**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

FRANCISCO MARCOS QUIROGA,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 10-3019-MWB
(No. CR 06-3009-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S SECTION 2255
MOTION**

_____

**TABLE OF CONTENTS**

*I.* **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A.* ***The Petitioner's Criminal Proceedings*** . . . . . . . . . . . . . . . . . . . . . 2
   *B.* ***The Petitioner's §2255 Motion*** . . . . . . . . . . . . . . . . . . . . . . . . 6

*II.* **PRELIMINARY MATTERS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*III.* **LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
   *A.* ***Standards For Relief Pursuant To § 2255*** . . . . . . . . . . . . . . . . . . 8
   *B.* ***Ineffective Assistance Of Counsel*** . . . . . . . . . . . . . . . . . . . . . . 11
      *1.*   *Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . 11
      *2.*   *Failure to raise issue on appeal* . . . . . . . . . . . . . . . . . . . 13
      *3.*   *Failure to advise during plea process* . . . . . . . . . . . . . . . 21
         *a.*    *Withdrawal of plea* . . . . . . . . . . . . . . . . . . . . . . 21
         *b.*    *Delay in plea* . . . . . . . . . . . . . . . . . . . . . . . . . 22
      *4.*   *Failure to request a downward variance* . . . . . . . . . . . . . 24
      *5.*   *Cumulative errors* . . . . . . . . . . . . . . . . . . . . . . . . . . 26
      *6.*   *Failure to challenge conviction and sentence* . . . . . . . . . . . 27
   *C.* ***Certificate Of Appealability*** . . . . . . . . . . . . . . . . . . . . . . . . . 27

*IV.* **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

# I. INTRODUCTION

This case is before me on petitioner Francisco Marcos Quiroga's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1), filed on April 26, 2010, and on Plaintiff's Brief (Civ. docket no. 7), filed by appointed counsel on August 20, 2010. Quiroga claims that the attorneys who represented him at the trial and appellate level provided him with ineffective assistance of counsel in several ways. The respondent denies that Quiroga is entitled to any relief on his claims.

## A. The Petitioner's Criminal Proceedings

On March 22, 2006, Quiroga was charged by a sealed one-count Indictment (Crim. docket no. 2), with possession with intent to distribute 5 grams or more of actual methamphetamine within 1,000 feet of a playground, after having previously been convicted of a felony drug offense. On March 31, 2006, Quiroga personally appeared for an Initial Appearance and Arraignment and entered a plea of not guilty. *See* Crim. docket no. 6. Quiroga appeared before United States Magistrate Judge, Paul A. Zoss, on October 25, 2006, to plead guilty, pursuant to a plea agreement, to count one of the Indictment. *See* Crim. docket no. 27. On October 25, 2006, Judge Zoss filed his Report and Recommendation (Crim. docket no. 30) to accept Quiroga's guilty plea. I filed an Order Accepting Report and Recommendation (Crim. docket no. 31) on November 13, 2006. On January 8, 2007, Quiroga, by counsel, filed a Motion to Withdraw Plea of Guilty (Crim. docket no. 32), on the ground that his prior decision to plead guilty had been based

on counsel's erroneous advice that he would not qualify as a career offender. The prosecution filed a Response (Crim. docket no. 34), arguing that Quiroga could not demonstrate any fair or just reason for withdrawal of his guilty plea because his plea was knowingly and voluntarily made, that Quiroga made no claim of legal innocence, and that the timing of Quiroga's motion implied that he was simply having "belated misgivings about the wisdom" of having pled guilty. The prosecution also argued that it would be prejudiced if it was required to proceed to trial because the memory of witnesses would be diminished. *See* Crim. docket no. 34. I entered an Order (Crim. docket no. 36) denying Quiroga's Motion to Withdraw Plea of Guilty on January 16, 2007.

On January 24, 2007, Quiroga filed a *Pro Se* Motion for New Attorney (Crim. docket no. 40). On February 1, 2007, by counsel, Quiroga filed Objections (Crim. docket no. 42), to application of the career offender guidelines in his case because the conviction that increased his sentence as a prior felony drug conviction was also employed to trigger a sentencing enhancement under the career offender provision of the guidelines.

Quiroga appeared, with counsel, before me on February 13, 2007, for a sentencing hearing. *See* Crim. docket no. 43. I continued the sentencing to a later date to give the prosecution time to reply to Quiroga's objection based on *Cunningham v. California*, 549 U.S. 270 (2007), noting that if I did not sustain Quiroga's objection, I would allow Quiroga to withdraw his guilty plea. *See* Crim. docket no. 43. On February 16, 2007, the prosecution filed a Supplement/Addendum (Crim. docket no. 44), to its Sentencing Memorandum, asserting that *Cunningham* was not applicable to Quiroga's case because it did not involve a sentencing enhancement resulting from a prior conviction. The prosecution further argued that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), made it clear that the fact of a prior conviction is not one that must be charged in the indictment and proven to a jury beyond a reasonable doubt. *See* Supplement at 3. I entered a

Memorandum Opinion and Order (Crim. docket no. 45) on March 23, 2007, granting Quiroga's Motion To Withdraw His Plea Of Guilty and granting Quiroga's Motion For New Attorney.

On May 29, 2007, Quiroga, by counsel, filed a Motion in Limine (Crim. docket no. 51) and a separate Motion to Suppress (Crim. docket no. 52). In his Motion in Limine, Quiroga sought to exclude references to and evidence of, a number of previous convictions, "any and all physical drug evidence with incomplete Chain of Custody and his previously withdrawn plea agreement." *See* Crim. docket no. 51. Quiroga also sought to exclude "any physical items or substances, observations, statements, or other evidence resulting from incidents that occurred on September 21, 2005." *See* Crim. docket no. 52. The prosecution filed a Resistance (Crim. docket no. 57) to Quiroga's Motion to Suppress, on June 1, 2007, and a Resistance (Crim. docket no. 63) to Quiroga's Motion in Limine, on June 11, 2007. On June 12, 2007, I entered a Memorandum Opinion and Order (Crim. docket no. 65), granting in part and denying in part Quiroga's Motion in Limine. I granted the Motion to the extent that evidence of certain prior convictions would be excluded, but denied the Motion with regard to evidence of two prior convictions and with regard to exclusion of physical evidence and evidence of Quiroga's prior plea agreement. *See* Crim. docket no. 65.

On June 13, 2007, Judge Zoss filed a Report and Recommendation (Crim. docket no. 66), recommending denial of Quiroga's Motion to Suppress. Quiroga, through counsel, filed an Objection to Report and Recommendation (Crim. docket no. 68), on June 19, 2007. When Quiroga filed his Notice of Consent To Entry Of A Plea Of Guilty (Crim. docket no. 72), on July 6, 2007, the Report and Recommendation had not yet been ruled on. On July 6, 2007, Quiroga appeared before Judge Zoss to plead guilty to count-one of the Indictment. *See* Crim. docket no. 74. A Report and Recommendation (Crim. docket

no. 75) to accept Quiroga's plea of guilty was filed on July 6, 2007. On July 6, 2007, Quiroga, by counsel, filed a Notice Regarding Conditional Plea (Crim. docket no.76), providing notice that Quiroga intended to appeal the court's ruling on his motion to suppress and motion in limine. I entered an Order (Crim. docket no. 78), accepting the Report and Recommendation as to Quiroga's plea of guilty to count one of the Indictment on July 23, 2007, and accepting Quiroga's plea of guilty.

Quiroga appeared before me on August 10, 2007, for sentencing. *See* Crim. docket nos. 82 and 95. The prosecution requested that Quiroga receive a sentence within the guideline range of 292 to 327 months. *See* Crim. docket no. 80. Quiroga objected to application of the career offender guidelines on the basis that it resulted in "double counting," but requested that the court sentence Quiroga to a term of 292 months, at the bottom of the guidelines range, and specifically order that his rights to appeal were preserved. *See* Crim. docket no. 81. Quiroga was sentenced to 292 months. *See* Crim. docket no. 84.

Quiroga, by counsel, filed a Notice of Appeal (Crim. docket no. 87), to the United States Court of Appeals for the Eighth Circuit, on August 28, 2007. Quiroga challenged the denial of his motion to suppress currency found on his person when he was arrested, on the ground that the officers lacked probable cause to arrest him. *See* Crim. docket no. 100. Quiroga also argued, on appeal, that I erroneously denied his motion in limine to exclude evidence relating to his previously withdrawn plea agreement. *See* Crim. docket no. 100. Additionally, Quiroga challenged his sentence on the ground that I erred by classifying him as a career offender by erroneously counting one of his prior offenses as a felony crime of violence and also argued that I improperly "double-counted" his prior Iowa conviction for delivery of a controlled substance because the conviction served both to increase the statutory penalties for the instant offense and also to classify him as a career

offender. *See* Crim. docket no. 100. On February 10, 2009, the United States Court of Appeals for the Eighth Circuit entered an Opinion (Crim. docket no. 100). The court concluded that, on the date in question, the officers had probable cause to arrest Quiroga and that, Quiroga's motion to suppress was properly denied. *See* Crim. docket no. 100. The court also ruled that because Quiroga's waiver of his rights under Rule 410 was knowing and voluntary, I had properly denied his motion in limine to exclude statements made in the plea agreement. *See* Crim. docket no. 100. The court further found that the prior Iowa conviction in question was a qualifying felony conviction under Section 4B1.2 of the guidelines. *See* Crim. docket no. 100. The court also determined that the prohibition against double counting in *Cunningham v. California*, did not establish a constitutional requirement and that, under advisory guidelines, factual findings by the district court that increase the advisory offense level, do not violate the Sixth Amendment. The court further determined that, in this case, the enhancements were based on findings about Quiroga's prior convictions, and thus did not implicate the Sixth Amendment, pursuant to *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See* Crim. docket no. 100. The court affirmed the judgment of the district court on all issues. *See* Crim. docket no. 100.

On April 6, 2009, Quiroga filed a Writ of Certiorari with the United States Supreme Court. *See* Crim. docket no. 104. On May 4, 2009, the United States Supreme Court denied Quiroga's Writ of Certiorari. *See* Crim. docket no. 105.

### B. The Petitioner's §2255 Motion

On April 26, 2010, Quiroga filed this *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1) ("Motion"). By Order (Civ. docket no. 3), an attorney was appointed to represent

Quiroga with regard to his Motion. On August 20, 2010, by counsel, Quiroga filed Petitioner's Brief (Civ. docket no. 7) in support of his Motion. The respondent filed a Resistance (Civ. docket no.8) on September 23, 2010.

## II. PRELIMINARY MATTERS

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, I conclude that no evidentiary hearing is required on any issue, because the record conclusively shows that Quiroga's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and further that Quiroga's allegations cannot be accepted as true because they are contradicted by the record.

Claims are procedurally defaulted if not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, the "cause and prejudice" that must be shown to resuscitate

a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Where possible, I have construed otherwise potentially defaulted claims as claims of ineffective assistance of counsel, and have assumed, without deciding, that Quiroga can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial and appellate counsel. Therefore, the court will pass on to the merits of Quiroga's claims for § 2255 relief.

## III. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Quiroga's claims, in light of the evidence in the record, I note, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate

a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

A claim that has been unsuccessfully raised on direct appeal may not be relitigated on a motion to vacate. *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn

quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)). With these standards in mind, I turn to analysis of Quiroga's claims for § 2255 relief.

### B. Ineffective Assistance Of Counsel

#### 1. Applicable standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States*, 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Quiroga is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)

(quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). "[T]he standard for judging counsel's representation is a most deferential one." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). "There must be a substantial likelihood of a different result." *Harrington,* 131 S.Ct. at 792. "Where the conviction was entered on the basis of a guilty plea, the second part of the test is slightly modified. In the guilty plea context, the convicted defendant must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

## 2. *Failure to raise issue on appeal*

Quiroga argues that appellate counsel provided ineffective assistance by failing to argue that Quiroga's motion to withdraw his guilty plea did not breach his plea agreement. (Brief, at 5, Motion at 15-16). On appeal, counsel focused on the argument that Quiroga did not knowingly or voluntarily waive his Rule 410 rights. (Brief, at 5). Quiroga claims

that the Eighth Circuit Court of Appeals "implicitly stated" that it would have given serious thought to the issue of whether or not Mr. Quiroga's withdrawal of his first guilty plea "was an actual breach of his plea agreement which would give the prosecution the license to introduce evidence of the prior plea proceedings at trial." (Brief, at 6).

Respondent argues that, while appellate counsel has a duty to investigate potential claims, appellate counsel also has considerable discretion in strategically choosing which claims to present on appeal, citing to *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008). (Resistance at 22-23). Respondent asserts that the record indicates that Quiroga's appellate counsel was well acquainted with the facts of the case and simply made a strategic decision. (Resistance at 24).

In order to prevail on an ineffective assistance of appellate counsel claim, a defendant must establish his counsel's representation was deficient and the deficiency prejudiced the defense. *Wiggins v. Smith*, 539 U.S. 510, 522 (2003). "Failure to raise an issue at trial or on direct appeal, of course, may be raised in a § 2255 proceeding if the defendant can show he was prejudiced by, among other things, the ineffective assistance of counsel." *Theus v. United States*, 611 F.3d 441, 449 (8th Cir. 2010). In determining whether counsel's performance was deficient, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001). To overcome this presumption, the petitioner must present evidence that "appellate counsel's failure to raise a claim was [not] an exercise of 'sound appellate strategy.'" *Id.* at 727. Reasonable appellate strategy requires [an] attorney to limit appeal to issues most likely to succeed. *Gee v. Groose*, 110 F.3d 1346, 1352 (8th Cir. 1997). "[E]ffective appellate advocacy often entails screening out weaker issues." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998). Appellate counsel's conduct is to be evaluated in light of the circumstances of the

case. *Gee,* 110 F.3d at 1352. "Moreover, counsel has discretion to abandon losing issues on appeal." *Reese v. Delo*, 94 F.3d 1177, 1185 (8th Cir. 1996). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal." *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008). The decision to forgo a plain error claim is usually the result of a reasonable winnowing of weaker appellate claims. *Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002). Therefore, we rarely conclude that an appellate attorney's performance was constitutionally deficient for not raising such a claim. *Id.*

"A necessary condition for establishing prejudice is to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Becht v. United States*, 403 F.3d 541, 546 (8th 2005). To determine whether there is a reasonable probability that the result of the proceeding would have been different, [I] consider what [the appellate] court would have done had [Quiroga] raised [the issue] on appeal." *Id.*

Since Quiroga did not raise the issue of whether or not he breached the plea agreement, nor contest the finding that he had, before me, his claim would have been reviewed by the court of appeals for plain error, if it was reviewable at all. *See United States v. Becker*, --- F.3d ---, 2011 WL 13435103 (8th Cir. 2011); *see also United States v. Cardenas-Celestino*, 510 F.3d 830, 833 (8th Cir. 2008). When reviewing under the plain error standard, the Court of Appeals would reverse only if there was (1) error (2) that was plain and (3) that affected the defendant's substantial rights. *Id.* "[A] plain error must be one that is clear and obvious." *Id.* Under the plain error standard of review, the defendant must "show, in addition to an abuse of discretion by the district court, prejudice affecting his or her substantial rights and some extraordinary reason for [the Court of

Appeals] to reverse for such error despite [his or her] failure to raise the issue in the trial court." *U.S. v. Crumley*, 528 F.3d 1053, 1063 (8th Cir. 2008).

Quiroga claims that his appellate counsel should have argued that it was error for me to find that the withdrawal of his guilty plea was a breach of Quiroga's prior plea agreement. "A plea agreement is essentially a contract between the prosecution and the defendant." *United States v. Sisco*, 576, 795 (8th Cir. 2009); accord *Puckett v. United States*, 129 S.Ct. 1423, 1430 (2009)("Plea bargains are essentially contracts." ). "A plea agreement, however, is not simply a contract between two parties. It necessarily implicates the integrity of the criminal justice system and requires the courts to exercise judicial authority in considering the plea agreement an din accepting or rejection the plea." *United States v. McGovern*, 822 F.2d 739, 743 (8th Cir. 1987). Where a plea agreement is ambiguous, the ambiguities are construed against the prosecution. *United States v. Jensen*, 423 F.3d 851, 852 (8th Cir. 2005). "Absent special circumstances, a defendant-quite as much as the prosecution-is bound by a plea agreement that recites that it is a complete statement of the parties' commitments." *United States v. Leach*, 562 F.3d 930, 935 (8th cir. 2009) (citing *United States v. Connolly*, 51 F.3d 1,3 (1st Cir. 1995)).

The admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure, Rule 11(f). Generally, evidence of a plea of guilty which was later withdrawn, and any statement made in the course of any plea proceedings, or discussions and negotiations for a plea that is later withdrawn, are not admissible against the defendant who made the plea or was a participant in the plea discussions. *See* Fed. Rule of Evidence, 410; Fed. Rule Of Crim. Proc. 11(f). The Supreme Court has recognized that the protections offered by Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11, are presumptively waivable. *United States v. Young*, 223 F.3d 905, 909 (8th Cir. 2000). In

*Young*, the court held that the prosecution could use statements made during plea negotiations at trial despite a breach of the plea agreement by the defendant. *United States v. Sisco*, 576, F3d 791, 797 (8th Cir. 2009). "[A]bsent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable. *United States v. Mezzanatto*, 513, U.S. 196, 210 (1995).

"When ascertaining the intent of the parties, the language of the agreement, if unambiguous, should ordinarily be conclusive." *Margalli-Olvera v. I.N.S.*, 43 F.3d 345, 351 (8th Cir. 1994). Quiroga's plea agreement, in pertinent part, provided as follows:

> If the defendant violates any term or condition of this plea agreement, in any respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. . . . If the defendant does breach this agreement, he faces the following consequences: (1) all testimony and other information he has provided at any time to attorneys, employees or law enforcement officers of the government, to the court, or to the federal grand jury, may and will be used against him in any prosecution or proceeding. . . .

(Plea Agreement, Oct. 25, 2006, Para. 18, pg. 5) (Crim. Docket no. 61, attachment 1). Quiroga also initialed a section titled "Acknowledgment Of Defendant's Understanding" further indicating that he had read and understood each of the provisions of the plea agreement. (Plea Agreement, Para. 22).

The record reflects, and the Eighth Circuit Court of Appeals found, that Quiroga understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver and the provision making the agreement binding on Quiroga if he breached the agreement. *See United States v. Quiroga*, 554 F.3d, 1150 (8th Cir, 2009). The Court of Appeals went on to briefly discuss the issue of whether or not Quiroga's withdrawal of his

plea of guilty breached his plea agreement, and in doing so, explained that the I reasoned that it was "constrained" to reach the conclusion that withdrawal of the plea was a breach by *United States v. Swick*, 262 F.3d 684 (8th Cir. 2001). *See Quiroga*, 554 F.3d at 1155, fn.2. The Court of Appeals further stated, "Whether the district court was in fact so constrained is debatable, given that the opinion in *Swick*, 262 F.3d at 686-87, addressed only whether the defendant's waiver of rights under Rule 410 was knowing and voluntary." *Id*. (internal citations omitted).

Quiorga argues, based on this footnote, that if his appellate counsel had argued that the district court committed error by finding that the withdrawal of Quiroga's guilty plea breached his plea agreement, the Court of Appeals would have determined that the district court had committed plain error. (Brief at 6 ).

Quiroga's argument seems to rely on *United Stated v. Newbert*, 504 F.3d 180 (1st Cir. 2007), a case determining that withdrawal of a defendant's plea of guilty did not constitute a breach of his plea agreement allowing the prosecution to invoke a Rule 410 waiver in the event of a breach. However, this court finds any reliance on *Newbert* unpersuasive for several reasons. First, *Newbert* was not decided until October 11, 2007, and I entered an Order on Quiroga's Motion in Limine on June 12, 2007, months prior to the filing of the opinion in *Newbert*. Therefore, I could not have been expected to be aware of, much less predict or rely on, the outcome from an out-of-circuit court of appeals, case. For this reason, the Court of Appeals would have been unlikely to find that I committed plain error by finding that Quiroga's withdrawal of his plea of guilty was a breach of his agreement.

Second, *Newbert* is distinguishable from Quiroga's case with regard to the text of the relevant sections of the plea agreements. The relevant section of Newbert's plea agreement provided, "*If defendant* fails to enter a guilty plea or *seeks and is allowed to*

*withdraw his plea of guilty entered pursuant to this Agreement, under circumstances constituting a breach of this agreement,…he hereby waives any rights that he has under* <u>*Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal*</u> <u>*Procedure*</u>*.*" *Newbert*, 504 F.3d at 183. The *Newbert* court found this language to be ambiguous because it implied that there could be withdrawals of pleas of guilty that would not constitute a breach, but contained no definitions for which withdrawals those were. *Id*. at 185. While the prosecution argued, in *Newbert,* that it meant only to exclude situations where withdrawal was allowed because of prosecutorial misconduct, the language of the plea agreement was not that specific. *Id*. at 185-186. Newbert had been allowed to withdraw his plea of guilty on the basis of the discovery of post-plea new plausible evidence of innocence. *Id*. at 183. Because the ambiguity was construed against the prosecution, the court found that the circumstances surrounding Newbert's withdrawal of his plea of guilty did not fall within the "under circumstances constituting a breach" language of the waiver in the plea agreement. *Id*. at 185-188 .

There is no such ambiguous language in Quiroga's plea agreement. It simply stated, "If the defendant violates any term or condition of this plea agreement, in any respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States." It also stated, "If the defendant does breach this agreement, he faces the following consequences: (1) all testimony and other information he has provided at any time to attorneys, employees or law enforcement officers of the prosecution, to the court, or to the federal grand jury, may and will be used against him in any prosecution or proceeding …" (Plea Agreement, Oct. 25, 2006, Para. 18, pg. 5) (Crim. Docket no. 61, attachment 1). The plea agreement provided that "The defendant will plead guilty to Count 1 of the one-count indictment, …" (Plea Agreement, Oct. 25, 2006, Para. 1, pg.1). There were limited terms and conditions of Quiroga's plea agreement. He was not

required to co-operate with the prosecution or to provide future testimony. He was required to plead guilty in front of a magistrate judge and comply with forfeiture requirements. It is clear, given the unambiguous language of the plea agreement, that Quiroga's withdrawal of his plea of guilty was a breach of the plea agreement in this case.

Although ultimately, the holding in *Swick* turned on analysis of whether or not Swick's waiver of his Rule 410 rights was knowingly and voluntarily made, factually, Swick's breach was the withdrawal of his guilty plea. *See Swick*, 262 F.3d at 686. The language regarding breach of the agreement and the consequences for breach of the agreement, were identical to the language in Quiroga's agreement. *See Swick*, 262 F.3d at 685. While *Swick* may not have been binding precedent, it did provide guidance. I acknowledged that there was merely an "apparent assumption of the appellate courts that moving to withdraw a guilty plea is a breach of the plea agreement, triggering the clause waiving Rule 410 rights." *United States v. Marcos-Quioroga*, 2007 WL 1724898, fn. 3 (2007).

Upon review of the case law pending at the time, I do not believe that the Court of Appeals would have found (1) error (2) that was plain and (3) that affected Quiroga's substantial rights. Nor can I find any extraordinary reason for the Court of Appeals to have reversed my finding that Quiroga breached the plea agreement. *See United States v. Crumley*, 528 F.3d 1053, 1063 (8th Cir, 2008).

In this case, Quiroga cannot demonstrate that his appellate counsel was deficient because I am convinced that counsel's decision here, to forgo a plain error claim, was the result of a reasonable winnowing of weaker appellate claims. *See Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002). Quiroga also cannot establish that he was prejudiced because he has not shown that there was a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *See Becht*
403 F.3d at 546. For these reasons, Quiroga's claim that his appellate counsel provided
ineffective assistance, fails.

### 3. *Failure to advise during plea process*

#### a. *Withdrawal of plea*

Quiroga argues that his first trial counsel provided ineffective assistance of counsel
by failing to advise him as "to all facts and law relevant to his decision to plead guilty and
then withdraw his plea." (Brief, at 8). Quiroga claims that had he been fully advised,
there was a reasonable probability that he would not have moved to withdraw his plea of
guilty. (Brief, at 8).

The respondent argues that, because Quiroga entered into the plea agreement
knowingly and voluntarily, he was fully aware that withdrawing his plea of guilty would
be a breach of his plea agreement. (Resistance at 11). The respondent asserts that "it was
abundantly clear to everyone, including [Quiroga], that withdrawing his guilty plea was
in violation of an agreement in which he committed to plead guilty." Further, respondent
argues that Quiroga was not prejudiced by the withdrawal of his plea of guilty because it
was Quiroga's delay in pleading guilty the second time, not the withdrawal of his first plea
of guilty, that resulted in the loss of the third point for acceptance of responsibility.
(Resistance, at 11).

Claims of ineffective assistance of counsel during the plea bargaining process are
reviewed under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668
(1985); *Clemons v. Armontrout*, 921 F.2d 187, 191 (8th Cir. 1990).

The law-of-the-case doctrine governs issues decided in a prior appeal. *See United
States v. Stuckey*, 255 F.3d 528, 530-31 (8th Cir. 2001). On direct appeal in this case, the
Court of Appeals held that "Quiroga's waiver of his rights under Rule 410 was **knowing**

and voluntary" *Quiroga*, 554 F.3d at 1157 (emphasis added), and upon Section 2255 review, I will treat this holding as the law of the case. See *Baranski v. United States*, 515 F.3d 857, 861 (8th Cir. 2008). Because I determined above that under the terms of Quiroga's plea agreement, it was clear and unambiguous that withdrawal of Quiroga's plea of guilty would constitute a breach of the agreement, it follows that Quiroga cannot establish that he did not understand the consequences of withdrawal of his plea of guilty and, therefore, cannot establish that his counsel's performance was deficient in this regard. If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *Walker*, 324 F.3d at 1040.

### b.    *Delay in plea*

Further, Quiroga asserts that during the plea negotiation process, his second trial counsel compounded the ineffective assistance of the first counsel, by failing to advise Quiroga of the impact that filing a Motion to Suppress and Motion in Limine might have on Quiroga's ability to receive a third point for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). (Brief, at 8). Quiroga argues that, although the Guidelines provide that it is up to the prosecution to make the motion regarding the third point for acceptance, because his sentencing was held after the Guidelines became mandatory, his counsel could have filed a motion for downward variance based on the prosecution's unreasonable failure to give the third point to Quiroga. (Brief, at 11). First, I note that "a [defendant] cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006). Therefore, the claims that Quiroga's second trial counsel provided ineffective assistance of counsel by delaying Quiroga's guilty plea or by failing to request a downward variance must each be evaluated on their own merits, separately from the alleged ineffectiveness of Quiroga's first trial counsel.

Quiroga was allowed to withdraw his plea of guilty by Memorandum Opinion and Order (Cr. docket no. 45) of March 23, 2007. I also granted Quiroga's Motion for New Attorney and appointed new counsel to represent him on the same day. By Order (Cr. docket no. 50), of May 2, 2007, a jury trial was set for July 16, 2007. Quiroga, by counsel, filed a Motion in Limine (Cr. docket no. 51) and a Motion to Suppress (Cr. docket no. 52), on May 29, 2007. The Motion to Suppress was filed out of time, and was originally stricken by Order (Cr. docket no. 53), of May 30, 2007. By Order (Cr. docket no. 56), of May 30, 2007, Judge Zoss granted Quiroga's Motion for Leave to File a Motion to Suppress and ordered the prosecution to file a response by June 8, 2007. I granted in part and denied in part Quiroga's Motion in Limine on June 12, 2007. See Cr. docket no. 65. On June 13, 2007, Judge Zoss entered a Report And Recommendation (Cr. docket no. 66) recommending that Quiroga's Motion to Suppress be denied. On July 6, 2007, Quiroga, by counsel, filed a Notice of Consent to Entry of a Plea of Guilty (Cr. docket no. 72).

The respondent explains that the prosecuting attorney was required to engage in numerous trial preparations, including, but not limited to, preparation of jury instructions, sending trial subpoenas to be served, preparation of a witness and exhibit list, and making two trips from Cedar Rapids to Mason City to prepare for trial, which included identifying, reviewing, and marking 30 exhibits, visiting the scene of the crime to take photographs and interview witnesses, and preparing nine witnesses for trial. (Resistance, at 18-19).

Quiroga's first plea agreement, entered into on October, 25, 2006, made it clear that an additional one point reduction for acceptance of responsibility would only be made by the prosecution in the event of Quiroga's continued acceptance of responsibility and timeliness in pleading guilty. (See, Cr. Docket no. 61, Ex. at page 4). Quiroga, by

counsel, states "Counsel failed to explain that the filing of these motions could possibly have an impact on his ability to receive a third point for acceptance of responsibility pursuant to U.S.S.G. Section 3E1.1(b)." (Brief at 8). Quiroga does not argue that his counsel was deficient for filing the motions, that the motions were frivolous, or even specifically that he would not have allowed his attorney to file the motions if he thought that he would potentially lose a third point for acceptance of responsibility. Quiroga's complaint seems to be primarily based on the fact that he did not receive a favorable ruling on the motions. However, reasonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful. *James v. Iowa*, 100 F.3d 586, 590 (8th Cir. 1996). Quiroga has not demonstrated that he was unaware that timely pleading guilty would be required in order to qualify for the third point of reduction for acceptance of responsibility nor has he established that he was prejudiced because he has not shown that he would have refrained from filing the motions if he had been so advised. *See Harrington v. Richter*, 131 S.Ct. 770, 792 (2011) ("There must be a substantial likelihood of a different result."). Therefore, Quiroga's claim of ineffective assistance on this ground, fails.

### 4. *Failure to request a downward variance*

In a similar vein, Quiroga, by counsel, argues that his second trial counsel provided ineffective assistance by failing to file a "motion for downward variance and ask[ing] for a sentence of 262 months due to the prosecution's unreasonable failure to give the third point to Mr. Quiroga." (Brief at 11).

The respondent asserts that such a motion would have been without merit and would have been denied because the prosecution's decision "not to move the Court for a third-level reduction for acceptance of responsibility was not unreasonable" and "was rationally

related to the untimely nature of Movant's plea and the fact the government had expended significant resources in fully preparing for trial." (Response at 20).

Failure to raise meritless issues does not constitute ineffective assistance. *See*, *Dodge v. Robinson*, 625 F.3d 1014, 1019 (8th Cir. 2010); *Graves v. Ault*, 614 F.3d 501, 507 (8th Cir. 2010). The issue that Quiroga asserts his counsel should have raised was meritless.

Section 3E1.1(b) of the United States Sentencing Guidelines, allows for an additional one-level decrease where a defendant has "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." *United States v. Brown*, 148 F.3d 1003, 1007 (8th Cir. 1998). "Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing." *United States v. Smith*, 422 F.3d 715, 726 (8th Cir. 2005).

Here, the prosecution did not make such a motion, explaining that it did not do so because the prosecutor was required to prepare for trial by putting together jury instructions, preparing subpoenas, and traveling to interview witnesses and view the crime scene. (Sent. Trans. at 4). I stated that I was more than satisfied with that explanation for failing to move for the third point reduction. (Sen. Trans. at 4). I find no reason to believe that raising the issue via a motion for a downward variance would have altered my opinion that I was more than satisfied with the prosecution's explanation for failing to move for the third point reduction. Quiroga cannot establish that his counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). Nor has Quiroga

established "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). For these reasons, Quiroga's claim of ineffective assistance of counsel on these grounds, fails.

### 5.    *Cumulative errors*

Quiroga asserts, *pro se* and through counsel, that there was "Ineffective Assistance Of Counsel Due To The Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During The Pretrial, Plea, Sentencing, And Direct Appeal Process." (Brief, at 12). Quiroga's counsel indicates that he has nothing to add in further support of this assertion. (Brief, at 12).

Respondent argues that the Eighth Circuit Court of Appeals has repeatedly rejected the cumulative error theory of post-conviction relief, relying on *Brown*, 528 F.3d. at 1034. Further, respondent asserts that "because none of Movant's specific claims for ineffective assistance entitle him to relief, Movant cannot show ineffective assistance based on a cumulative-error theory."

The Eighth Circuit Court of Appeals has stated, "In our circuit a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." *Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002) (citing *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir.) *cert. denied*, 519 U.S. 968 (1996)).

As discussed above, Quiroga has not established that any of the alleged individual errors by counsel constituted ineffective assistance and, therefore, he cannot build a showing of prejudice based on an allegation of a series of errors. Quiroga's claim of ineffective assistance, based on alleged cumulative errors, fails.

### 6. *Failure to challenge conviction and sentence*

Quiroga claims, pro se and through counsel, that his "Conviction And Sentence Are Violative Of The First, Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution." (Brief, at 12). Quiroga's counsel states that he has nothing further to add in support of this claim. (Brief, at 12). Respondent does not address this claim.

Although it is unclear what actions, specifically, Quiroga alleges violated his Constitutional rights, in relation to this claim, the court will construe this claim as encompassing the argument that his counsel provided ineffective assistance because his counsel "labored under an actual conflict of interest which adversely affected their performance during the pretrial, plea, sentencing and appeal process in this case." (*Pro Se* Brief Part 1, at 11).

Quiroga's assertion, here, lacks sufficient specificity under even the most liberal pleading requirements and, therefore, fails. *See United States v. DePuew*, 889 F.2d 791, 793 (8th Cir. 1989).

## C. *Certificate Of Appealability*

Denial of Quiroga's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

I find that Quiroga has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find my assessment of Quiroga's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Quiroga does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

## *IV. CONCLUSION*

Upon the foregoing, Quiroga's Motion Under 28 U.S.C. § 2255 (Civ. no. 1), is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 25th day of May, 2011.

*Mark W. Bennett*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA